## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK agt. THE NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, Connecticut.

*Insurance companies — their taxation under law of* 1880 — *Not taxable on receipts during the five months preceding the passage of the act.*

In a suit founded upon the fifth section of the act entitled, "An act to provide for raising taxes for the use of the state upon certain corporations, joint-stock companies and associations," which act became a law June 1, 1880, and took effect immediately (*Laws of* 1880, *chap.* 542) :

*Held,* that the statute should not be so interpreted as to give to the state the tax upon the income of the defendant for the five months preceding its enactment.

The law of 1880 required a semi-annual report from the companies to be taxed, and that such a semi-annual report was to be made, to use the express words of the act, "in *each* year." As a semi-annual report only, and no other, is called for, and that must be made *each* year, it follows that the section of the statute laying the tax and calling for the report, when it uses the word *hereafter* to designate the commencement of the time when its provisions shall take effect, refers to the years which are to follow the one during which the law was passed (*See The People of the State of New York* agt. *The National Fire Insurance Company of New York, ante,* 334).

*Albany Circuit, January,* 1881.

*William B. Ruggles,* deputy attorney-general, for plaintiffs.

*Joseph H. Choate,* for·defendant.

WESTBROOK, *J.* — This action is brought to recover against the defendant, which is a corporation existing under the laws of and in the state of Connecticut, a tax claimed to be due by virtue of chapter 542 of the Laws of 1880, of this state. The suit is founded upon the fifth section of the act, and the claim made in behalf of the people is, that the defendant must pay to the state "a tax of eight-tenths of one per centum upon the gross earnings in this state, of said corporation or company," for the six months preceding July 1, 1880. The act became a law June 1, 1880, and took effect immediately, and the question which the action presents is, must the statute be so interpreted as to give to the state the tax upon the income of the defendant for the five months preceding its enactment ?

In another cause tried at this circuit (*The People* agt. *The National Fire Insurance Company in the city of New York, ante,* 334), it was decided that the act would not bear the interpretation which the plaintiffs claim. To the opinion written in that case reference is hereby made.

The general scope of that opinion was, that the law of 1880 required a semi-annual report from the companies to be taxed, and that such a semi-annual report was to be made, to use the express words of the act, "in *each* year." As a semi-annual report only, and no other, is called for, and that must be made *each* year, it follows that the section of the statute· imposing the tax and calling for such report, when it uses the· word *hereafter,* to designate the commencement of the time· when its provisions shall take effect, refers to the years which are to follow the one during which the law was passed.

In. the present case, if that be possible, the construction given to the act in the other action is still more plain, because by the clause of the section applicable to it the payments to

be made are "on the first day of February and August in each year," and they are to represent "eight-tenths of one per centum on their gross premiums received by them on business transacted in this state during the six months preceding the first day of January and July." Such payments are to be made as the act declares "hereafter," that is, thereafter "in each year" and on the first day of February and August.

The first day of payment specified being "the first day of February" following the day of the passage of the act, as well as the year of its passage, which payment must be the tax upon its premiums received "during the six months preceding the first day of January," which succeeds the passage of the law, it is clear that there can be no recovery in this action.